# CIRCUIT COURT OF THE CITY OF NORFOLK

Family Home Services, Inc.

v.

City of Norfolk

December 5, 2006

Case No. (Chancery) CH05-3591

BY JUDGE EVERETT A. MARTIN, JR.

The petitioner filed this suit on December 22, 2005, to enjoin the City from demolishing improvements on property it owns at 959–961 and 965 Maltby Avenue, and that day the Court issued an *ex parte* temporary injunction against the City. The injunction was extended indefinitely by order of January 19, 2006.

The City thereafter filed a special plea alleging the petitioner had failed to exhaust its administrative remedies with respect to 959–961 Maltby Avenue. Why the plea only covered that one property I do not know. Judge Griffith sustained the special plea at a hearing on August 14, and, by order of September 20, he dissolved the injunction and dismissed with prejudice the amended bill of complaint with respect to that property. It appears a creditor foreclosed on the property sometime shortly thereafter so no appeal was taken. On October 11, the City filed the same special plea with respect to 965 Maltby Avenue.

On January 18, 2006, the City issued a notice declaring the property at 965 Maltby Avenue to be unsafe and a public nuisance. As required by § 105.5 of Part III of the Uniform Statewide Building Code (the "USBC"), the notice was sent to the petitioner by certified mail that day and posted on the property. The Postal Service returned the certified letter to the City "unclaimed" sometime after February 6.

The notice mistakenly gave the petitioner until February 14, 2005 (sic) to secure the property and until February 21, 2005 (sic) to demolish it. The obviously erroneous dates to take corrective action would cause me great concern but for the petitioner's actual knowledge of the City's intent. Bill of Complaint, paragraph 2.

Mr. Johnson's testimony that he never received the certified letter is of no moment for several reasons. The City complied with § 105.5 of the USBC. Mr. Johnson failed to go the Post Office to obtain the letter after two attempts at delivery. Clark Ray, a City officer, personally gave a copy of the letter to Mr. Johnson in court on January 19.

The letter clearly informed the petitioner of its appeal rights, and the petitioner clearly failed to pursue them. Section 106.5 of the USBC provides for an appeal of a building code official's decision to a local board of building code appeals, and it further provides: "Failure to submit an application for appeal within the time limit established by this section shall constitute acceptance of a code official's decision." Section 106.8 of the USBC provides for appeals from a local board to the State Review Board. See also Code of Virginia § 36-105. Pursuant to Va. Code § 36-114, proceedings before the State Review Board are governed by the Administrative Process Act (Va. Code § 2.2-4000 *et seq.*). That act provides for review by the circuit courts. Va. Code § 2.2-4025 *et seq.* This is due process of law.

The extension in February 2006 of a building permit issued to petitioner in February 2005 is of no importance. The permit was not issued for structural repairs, and the work the petitioner subsequently performed was not authorized by the permit and did not correct the conditions cited in the January 18, 2006, letter.

I find Judge Taylor's opinion in *Boone v. City of Norfolk*, At Law No. L03-594 (October 31, 2003), persuasive, and I agree that the petitioner's failure to exhaust its administrative remedies bars this suit. When the legislature has established an administrative appeals process, an aggrieved party should not be allowed to circumvent it by seeking an injunction in court.